[S. F. No. 16120.   In Bank.—November 9, 1938.]

DAVID F. SUPPLE, Receiver, etc., Respondent, v. EDGAR F. LUCKENBACH et al., Appellants.

Phillip Barnett and Samuel Vartan for Appellants.

Leo A. Cunningham for Respondent.

CURTIS, J.—Motion to dismiss appeal on the ground that the notice of appeal was given prior to the entry of judgment and, therefore, the appeal was prematurely taken. ██ It is well settled in this state that an appeal from a judgment taken prior to the rendition of the judgment is prematurely taken and does not vest the appellate court with jurisdiction to entertain the attempted appeal. (*Aspegren & Co., Inc.,* v. *Sherman, Swan & Co.,* 199 Cal. 532 [250 Pac. 400].)

██ In this action the trial court on January 13, 1938, filed a paper entitled, ''Memorandum Decision and Order for Findings'' in which he stated that judgment should be for the plaintiff, and directed plaintiff's counsel to prepare and present appropriate findings of fact and conclusions of law in accordance with the view of the court as expressed in said memorandum of decision. Plaintiff prepared a draft of proposed findings of fact and conclusions of law, served the same upon the defendants' counsel, and presented the same to the

clerk of the court. After receiving a copy of the proposed findings, the attorney for the defendants met the trial judge, and stated to him that he had no objections to the findings as prepared by the attorney for the plaintiff. On March 24th, the clerk inadvertently filed said findings without the same having been signed by the trial judge. The trial judge was from a county outside of the county in which the action was tried, and on May 23d, under the impression that he had signed the findings, he signed a judgment in the action, and on the next day said purported judgment was filed with the clerk of the court. On June 9th, defendants filed a notice of appeal from said judgment. Thereafter the attorney for plaintiff discovered that the findings as proposed by him had not been signed by the judge before they were filed. He accordingly, through correspondence with the trial judge, had new findings of fact and conclusions of law signed by the judge, and filed on July 12th, in the exact language of the proposed findings, with the exception that the word ''proposed'' was not in the draft of the findings and conclusions of law which were signed by the judge. No appeal has been taken from this judgment, although the defendants' attorney had knowledge that the proposed findings, which were inadvertently filed by the clerk, had not been signed by the trial judge, and that the plaintiff's attorney and the trial judge were corresponding with each other with a view to having new findings signed by the judge, and a proper judgment rendered thereon. In fact, defendants' attorney was solicited to join in these endeavors but declined to have any part therein. It is true that no notice of the entry of this second judgment was ever served upon defendants' attorney. No such notice was required in order to start running the time in which he might appeal from said judgment. ▮ No advantage was taken of defendants' attorney by reason of the failure to give him notice of the entry of said judgment, as he was put upon notice as a reasonable man that proper findings would probably be filed and a judgment thereon rendered. Had he used reasonable diligence, he could have ascertained by the examination of the record in the clerk's office that new findings and a proper judgment had been filed in the office of said clerk.

■ He contends now in opposition to the notice of motion to dismiss that a stipulation was entered into, in which each of the parties to this action joined, which covered all the material facts of the case and for that reason no findings in the case were required and the judgment filed May 24, 1938, was valid in the absence of any findings. The record does not support this contention. Aside from the stipulation of facts, the court took evidence upon a number of contested matters not covered by the stipulation. This evidence is contained in the reporter's transcript, and covers forty-seven pages of said typewritten transcript. This contention is, therefore, without merit.

■ It is next contended that the recital in the first judgment that findings had been filed was a sufficient compliance with section 632, Code of Civil Procedure, respecting the making and filing of findings of fact and conclusions of law. This recital is as follows: "After due consideration the court files its findings of fact and conclusions of law in writing and orders that judgment be entered herein in favor of plaintiff, David F. Supple, as Receiver, and against the defendants, Edgar F. Luckenbach and Lewis Luckenbach, and each of them, in accordance therewith." In support of this contention, the appellants cite the cases of *Estate of Exterstein,* 2 Cal. (2d) 13, 15 [38 Pac. (2d) 151], and *Consolidated Irr. Dist.* v. *Crawshaw,* 130 Cal. App. 455, 462 [20 Pac. (2d) 119]. Neither of these cases is in point. In each of them the findings and conclusions of law were contained in the judgment itself. This practice was sustained by the court in the following statement: "There were no separate findings filed, they being incorporated in the decree of foreclosure. While this is not the usual practice it is permissible."

■ Finally, the appellants contend that although the judgment rendered before the findings were filed may be a void judgment, nevertheless an appeal may be taken from a void judgment, and therefore there is a valid appeal in this action, and the motion to dismiss such appeal should be denied. The case of *Easterly* v. *Cook,* 140 Cal. App. 115 [35 Pac. (2d) 164], is practically identical with the instant action. In that case documents which were intended as the findings and conclusions of law were filed without being signed by the trial judge, who rendered a judgment based

upon said findings. Thereafter the error was discovered, and the plaintiff made a motion to set aside the purported judgment on the ground that it was prematurely rendered due to the fact that no findings had been signed by the judge. The court granted the motion, and then signed findings of fact and conclusions of law and a judgment was rendered thereon. In passing upon the status of the judgment which was purported to have been rendered in pursuance of the unsigned findings, the court said (p. 125) : ''Since the challenged unsigned findings did not constitute a determination of the facts or a decision of the case, the document was a nullity and may not be deemed to constitute findings 'made by the court'. The judgment which was dependent thereon was therefore invalid. It was unnecessary to set that document aside. The fact that it was vacated on motion of the plaintiff under 663, Code of Civil Procedure was harmless. The court had a right to strike that invalid instrument from the records on its own motion.''

While the court in the instant case did not strike the judgment rendered upon the unsigned findings from the records, it did treat this purported judgment as a nullity, which in fact it was, and signed new findings of fact and conclusions of law upon which judgment was rendered. This judgment was the only valid judgment rendered in said action, and as appellants' notice of appeal was filed prior to the rendition thereof, said appeal was prematurely taken, and the motion to dismiss the same upon said ground should be granted, and it is so ordered.

Waste, C. J., Houser, J., Seawell, J., Edmonds, J., Langdon, J., and Shenk, J., concurred.

Rehearing denied.