[Civ. No. 14615. First Dist., Div. Two. Mar. 8, 1951.]

BURT WYMAN, Respondent, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Appellant.

Fred N. Howser, Attorney General, and B. Abbott Goldberg, Deputy Attorney General, for Appellant.

Joseph P. Lacey and Harmon D. Skillin for Respondent.

DOOLING, J.—On March 10, 1949 Burt Wyman was adjudged guilty of battery in the municipal court. He was placed on probation on condition that he make restitution to the injured party. More than 90 days after the order granting probation was made proceedings were instituted to revoke his probation on the ground that he had failed to comply with its terms. Wyman petitioned the superior court for a writ of prohibition and from a judgment granting the writ respondent prosecutes this appeal.

The question presented on the merits is whether Wyman was placed on probation for the period of 90 days or for a period unspecified. The only evidence introduced on the hearing before the superior court was the clerk's rough minutes and the permanent minutes of the municipal court.

The rough minutes in the column headed "Judgment" contain the longhand entry:

"90 days Co. Jail S.S. Def't placed on Prob. on condition he make restitution."

In the same column in the permanent minutes there is a rubber stamp entry supplemented by handwriting, the handwritten portion being designated by italics herein:

"The court orders the defendant to be imprisoned in the county jail for the period of ____ days. S.S. on probation of *90 da*" "*To make full restitution.*"

In the adjoining column again appears the handwritten entry "*90 da*" with an arrow pointing to the entry last quoted. (It is agreed that "S.S." in both entries means "sentence suspended.")

There was produced in the trial court no evidence of any action taken in the municipal court to correct in any manner the entry of the court's order as it appears in the permanent minutes nor any evidence that this entry does not correctly embody the order actually made by the judge.

The rough minutes are not an official record but a mere memorandum kept by the courtroom clerk for his own convenience and the permanent minutes constitute the only official record of the action of the court. (*Van Tiger* v. *Superior Court,* 7 Cal.2d 377, 381-383 [60 P.2d 851]; *Jablon* v. *Henneberger,* 33 Cal.2d 773, 775 [205 P.2d 1]; *Brownell* v. *Superior Court,* 157 Cal. 703, 705-706 [109 P. 91].) "The minutes import absolute verity unless and until amended." (*Shellhaas* v. *Petrolane, Ltd.,* 98 Cal.App.2d 171, 174 [219 P.2d 797]; *In re Connor,* 16 Cal.2d 701, 708 [108 P.2d 10]; *Govea* v. *Superior Court,* 26 Cal.App.2d 27, 31-32 [78 P.2d 433].) Since the rough minutes are not an official record there is no presumption of correctness in their favor and without other supporting evidence they cannot be used to impeach the correctness of the official record of the court.

The superior court made no findings but the absence of findings is not prejudicial (Cal. Const., art. VI, § 4½) since from the evidence before it the court reached the only

possible conclusion. There is neither uncertainty nor ambiguity in the official entry of the municipal court: "on probation of 90 da."

 We cannot agree that the superior court erred in determining to issue the writ of prohibition. It was well within the discretion of that court to decide that petitioner had no other plain, speedy and adequate remedy. (*Hunter* v. *Justice's Court*, 36 Cal.2d 315 [223 P.2d 465]; *Gorbacheff* v. *Justice's Court*, 31 Cal.2d 178 [187 P.2d 407]; *Rescue Army* v. *Municipal Court*, 28 Cal.2d 460 [171 P.2d 8].) The question of the propriety of the remedy is primarily for the trial court. (*Ertman* v. *Municipal Court*, 68 Cal.App.2d 143, 149 [155 P.2d 908, 156 P.2d 940].)

Since the only evidence introduced supports the judgment there is no room in this case for application of the rule that the allegations of the return, in the absence of other evidence, must be taken as true.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied April 7, 1951, and the following opinion was then rendered:

THE COURT.— In its petition for rehearing appellant asserts that no trial was had in the superior court and that no opportunity to present evidence other than the two exhibits was accorded it. The burden is on appellant to present a record showing these asserted errors. (*Vaughn* v. *Jonas*, 31 Cal.2d 586, 601 [191 P.2d 432]; *Palpar, Inc.* v. *Thayer*, 83 Cal.App.2d 809 [189 P.2d 752].)

 The appeal was taken on the clerk's transcript and the rough and permanent minutes of the municipal court introduced into evidence by respondent on a hearing before the superior court held on March 8, 1950. The minutes of the superior court for that day as they appear in the clerk's transcript read (omitting the description of the two exhibits):

"In this action with respective counsel present, the counsel for respondents introduced exhibits in evidence as follows:

. . . . . . . . . . . .

"Whereupon after discussion of respective counsel, the court ordered the return to the petition for writ of prohibition and to alternative writ of prohibition submitted on briefs."

The judgment recites:

"An alternative writ of prohibition . . . having heretofore issued herein, and the same having come regularly before this court for hearing . . . and the matter having been fully presented and submitted to the court for decision. . . ."

We find nothing in the record to support the assertion that no trial was had and no opportunity to present further evidence accorded to respondent.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1951.