BISHOP, J.
 

 We are reversing the judgment because it was entered without any supporting findings of fact, although evidence was received and findings were not waived. The issue of this appeal is whether there was a timely request for findings. We have concluded that the request was timely.
 

 Concurrently with the filing of this opinion, we are filing one in the case of
 
 Engleman
 
 v.
 
 Green
 
 (Civ. A. 8345), ante, p. 882 [270 P.2d 127], another case where findings were requested but the judgment was entered without them. In principle the twp .eases are identical, but at one point the facts do not run parallel. The request for findings in the Engleman case
 
 *889
 
 was made in open court, immediately after the trial court had announced its decision, while the court, counsel and the contestants were still centering their attention upon the business at hand. In the case now before us, after the taking of testimony had terminated, permission was given counsel to file briefs, and the request for findings was contained in the first brief filed by the defendant. Another circumstance should be noted. In spite of the fact that, until the last brief was received, the trial court could not, in all fairness, render a decision, nevertheless it was made quite clear that the submission was not deferred until the briefs were all in, but was made
 
 now.
 
 This may be done. (See
 
 Franks
 
 v.
 
 Cesena
 
 (1928), 192 Cal. 1, 3 [218 P. 437].)
 

 It will be noted that the main distinction between the Engleman case and this one was that in the companion case it could be said that the request for findings was made “at the trial, ’ ’ meaning at the occasion and place where- the testir mony was taken, whereas in the instant case the ceremony of the trial was over. This, however, must be kept in mind: the deadline for requesting findings—to avoid waiving them— is fixed by section 632, Code of Civil Procedure, not by reference to a place or occasion, but by reference to a time. The request must be made “at the time of trial.” And, as we have seen in the accompanying opinion, the trial continues until its purpose is accomplished, that is, until there is an adjudication of the issues of the case. There is no such adjudication until the judgment is entered. The submission of the case for decision, therefore, does not put an end to the trial. Probably nobody would have ever thought it did had it not been for the cases holding that the term “before trial” formerly found in section 581, Code of Civil Procedure, meant before submission. But as noted' in the Englemanopinion, the interpretation of that section was determined by the common law practice it was held to perpetuate. Those eases do not govern section 632.
 

 Our conclusion that a request for findings in a brief that is filed, pursuant to court order, prior to the entry of a judgment, is a timely request, has been arrived at, obviously, after a reconsideration of the problems involved, and not on the doctrine of
 
 stare decisis,
 
 although it does agree with the conclusions reached in some four decisions filed by us over the years. Another of our decisions is but of harmony with the position we are stating, that in
 
 Wesslund
 
 v.
 
 Andrews
 
 
 *890
 
 (1948), Civ. A. 6826 (not published), where we gave undue heed to the eases construing “before trial.” We disapprove it.
 

 The judgment is reversed, with directions to the trial court to proceed to make and file findings of fact and conclusions of law.
 

 Shaw, P. J., and Stevens, J., concurred.
 

 A petition for a rehearing was denied May 18, 1954, and the following opinion was then rendered:
 

 THE COURT.
 

 The petition of respondent for a rehearing after judgment of this court on appeal, in the above entitled matter, having been filed, and having been duly considered, said petition is hereby denied.
 

 We prefer to follow such cases as
 
 Petroleum Midway Co.
 
 v.
 
 Zahn
 
 (1944), 62 Cal.App.2d 645, 652 [145 P.2d 371, 375], holding that an appeal will lie from a void judgment, rather than those that favor a dismissal of an appeal from such a judgment.