BISHOP, J.
 

 It does not clearly appear whether this case was or was not submitted by the trial court at the time briefs were ordered, but as appears in
 
 Haupt
 
 v.
 
 La Brea Heating etc. Co.
 
 (Civ. A. 8224),
 
 ante,
 
 p. 888 [270 P.2d 125], and in
 
 Engleman
 
 v.
 
 Green
 
 (Civ. A. 8345),
 
 ante,
 
 p. 882 [270 P.2d 127], filed concurrently with this opinion, that fact is an immaterial one. It does appear, that by a letter addressed to the trial judge by plaintiff’s counsel and filed by the clerk a week before the judgment was entered, findings were requested.
 

 We also consider the fact to be of no consequence that the request for findings was made by the plaintiff, whereas it is the defendant who is appealing. As pointed out in
 
 Engleman
 
 v.
 
 Green, supra,
 
 section 632, Code of Civil Procedure, requires findings, unless they are waived, and provides that in municipal courts they are waived “unless they shall be expressly requested by one or more of the parties . . .” Here, they were expressly requested by one of the parties; they were not waived; either party could complain that, under the circumstances, a judgment was entered without findings. The basic error was not in failing to heed plaintiff’s request, but in failing to file findings when they were required.
 

 A request made by letter, or made in the briefs, may not become a part of the record of the ease, in which event the fact that findings were requested may fail to appear. The record before us, however, reveals the letter making a timely request for findings, and so the judgment entered without them must be, and it is, reversed, with directions to the trial court to proceed to make and file findings of fact and conclusions of law. The appeal from the order denying motion for a new trial is dismissed.
 

 Shaw, P. J., and Patrosso, J., concurred.