BISHOP, Acting P. J.
 

 The defendant appeals from a judgment that contains these words: “findings not having been requested.” This recital is contrary to the fact shown by the record. Findings were requested, but they were refused on untenable grounds and findings were never filed. The result is a judgment without foundation, which must be reversed.
 

 After the taking of evidence had been completed, counsel made their arguments and then, with introductory observations, the trial court announced its judgment. Thereupon this dialogue took place, opened by the attorney for the defendant: “May we have findings on that, Tour Honor?” The Court: “It is too late now. Judgment has already been completed. Findings must be asked for prior to trial. The trial is over.”
 

 The trial court made three errors in stating its con
 
 *884
 
 elusions why “It is too late now”: (1) The judgment was not “completed”; (2) the trial was not over; and (3) there is no requirement that findings must he asked for prior to trial.
 

 The judgment was not “completed,” that is, it was not a judgment that could not be changed at the will of the trial court, for it was neither in writing and filed with the clerk nor entered in the minutes. It is thoroughly settled that where findings are required, “Until a judgment is entered, it is not effectual for any purpose (Code Civ. Proc., § 664) and at any time before it is entered, the court may change its conclusions of law and enter a judgment different from that first announced. . . . Moreover, a judge who has heard the evidence may at any time before entry of judgment amend or change his findings of fact.”
 
 (Phillips
 
 v.
 
 Phillips
 
 (1953), 41 Cal.2d 869, 874 [264 P.2d 926, 929].)
 

 The rule is much the same if, for any reason, findings are not required; to be effective, any oral decision must be entered in the minutes. In
 
 Aspegren & Co.,
 
 Inc. v.
 
 Sherwood etc. Co.
 
 (1926), 199 Cal. 532, 537 [250 P. 400], after a review of several cases, the Supreme Court, dealing particularly with the matter of a judgment’s “rendition,” stated: “These several authorities indicate the rule to be that whenever findings are required the judgment is not rendered until they are signed and filed. But, whenever findings are waived or are not required the judgment is rendered when entered in the minutes of the court. With this rule we are in accord.” A similar conclusion was stated in
 
 Smith
 
 v.
 
 Ross
 
 (1922), 57 Cal.App. 191, 193 [207 P. 55]: “Where, as in the present case, findings are waived, the entry of the court’s decision in the clerk’s minutes constitutes the rendition of the judgment. Until the minute order is entered in the clerk’s regular minute-book—not in the courtroom clerk’s so-called ‘rough minutes’—no judgment is rendered.” See also
 
 Brownell
 
 v.
 
 Superior Court
 
 (1910), 157 Cal. 703, 708 [109 P. 91];
 
 Jablon
 
 v.
 
 Henneberger
 
 (1949), 33 Cal.2d 773, 774-775 [205 P.2d 1, 2]; and
 
 Wyman
 
 v.
 
 Municipal Court
 
 (1951), 102 Cal.App.2d 738, 740 [228 P.2d 89, 90, 229 P.2d 491].)
 

 To sum up this phase of the case—as it is quite obvious that the trial court’s decision had not been entered in the clerk’s official minutes at the time it announced its judgment, its decision was not then effectual for any purpose; the judgment was not “completed” in any significant sense.
 

 
 *885
 
 This being so, the trial was not over. In the early case of
 
 Hastings
 
 v.
 
 Hastings
 
 (1866), 31 Cal. 95, after pointing ont that findings were not required (since Stats. 1861, p. 589), the Supreme Court continued: “Still until the decision itself has been entered in the minutes, or reduced to writing by the Judge and signed by him and filed with the Clerk, the case has not been tried to a legal intent.” We find many statements in the cases recognizing the principle that until the judgment is entered the trial is not over. See
 
 Warring
 
 v.
 
 Freear
 
 (1883), 64 Cal. 54 [28 P. 115];
 
 Connolly
 
 v.
 
 Ashworth
 
 (1893), 98 Cal. 205, 206 [33 P. 60];
 
 Broder
 
 v.
 
 Conklin
 
 (1893), 98 Cal. 360 [33 P. 211];
 
 Reclamation Dist. No. 556
 
 v.
 
 Thisby
 
 (1901), 131 Cal. 572, 574 [63 P. 918];
 
 Dore
 
 v.
 
 Southern Pac. Co.
 
 (1912), 163 Cal. 182, 195 [124 P. 817];
 
 Coos Bay Mfg. Co.
 
 v.
 
 California S. Co.
 
 (1916), 29 Cal.App. 407 [155 P. 817];
 
 Bublitz
 
 v.
 
 Reeves
 
 (1919), 40 Cal.App. 75, 78 [180 P. 28];
 
 Martello
 
 v.
 
 Superior Court
 
 (1927), 202 Cal. 400, 408 [261 P. 476];
 
 People
 
 v.
 
 Daniels
 
 (1948), 85 Cal.App.2d 182, 193-194 [192 P.2d 788, 794]. We quote from two cases only: “It is quite clear that; when a case requiring findings is tried, the trial is not complete but is still in process of determination until findings are signed and filed. Until that time, the trier of the fact may change his' mind, and, even though an order has been made directing' the entry of judgment, may order a different judgment to be entered.”
 
 (Reimer
 
 v.
 
 Firpo
 
 (1949), 94 Cal.App.2d 798, 800 [212 P.2d 23, 25].) “The term ‘trial’ as applied: to one of the steps in the disposition of an action" is well understood in the practice in this state. It is the trial of the issues of fact
 
 (Perrin
 
 v.
 
 Miller,
 
 35 Cal.App. 129 [169 P. 426]), the purpose of which is to determine the cause on the merits, and it is not completed until the decision of the court is made and filed with the clerk . . . unless findings be waived . . . Whether made and filed or waived, the judgment may then be entered and the 'cause thus be disposed of on the merits.”
 
 (Superior Oil Co.
 
 v.
 
 Superior Court
 
 (1936), 6 Cal.2d 113, 116 [56 P.2d 950, 952].)
 

 We come now to the statutory provisions that govern the problem under review. Section 632, Code of Civil Procedure, so, far as it is immediately of interest, provides: “In superior courts and municipal courts, upon the trial df a question of. fact by the court, its decision must be given in' writing and filed with the clerk ... In municipal courts
 
 *886
 
 written findings of fact and conclusions of law shall be deemed waived unless they shall be expressly requested by one or more of the parties at the time of the trial ...”
 

 The provision of section 632, with its “at the time of trial” is not to be confused with section 581, Code of Civil Procedure, which, prior to 1947, read: “An action may be dismissed ... by plaintiff ... at any time before the trial.” As early as
 
 Hancock Ditch Co.
 
 v.
 
 Bradford
 
 (1859), 13 Cal. 637, where like words in section 148 of the Practice Act were under consideration, it was held that “before trial” meant before the submission of the case for decision, the Supreme Court explaining: “At common law, the right of the plaintiff was to take a nonsuit at any time before the jury retired, and we do not construe the statute as altering the rule.” Section 632 is not, to our knowledge, an attempt to codify a common law practice; it does not require a request for findings “before trial” nor indicate that “trial” has any other than the -usual meaning given it in the cases. It follows that even though the case may have been submitted to the trial court for its decision, inasmuch as the trial had progressed no further than the oral pronouncement of the court’s judgment, and the attention of the parties, counsel and court was still centered upon the case, beyond any doubt, at the time findings were requested, it was still “at the time of trial.”
 

 Twice before, dealing with situations closely paralleling the circumstances of this case, we held (in unpublished opinions) that the request was timely; findings had not been waived.
 
 (Smith
 
 v.
 
 Bernard
 
 (1933), Civ. A. 2020;
 
 Kysela
 
 v.
 
 Higgins
 
 (1942), Civ. A. 5351.) A reexamination of the problem leaves us still of this opinion.
 

 We have, then, a judgment entered where findings are not waived, but required. It would seem that a judgment so entered is void.
 
 (Easterly
 
 v.
 
 Cook
 
 (1934), 140 Cal.App. 115 [35 P.2d 164];
 
 Supple
 
 v.
 
 Luckenbach
 
 (1938), 12 Cal.2d 319, 323 [84 P.2d 52, 53];
 
 Estate of Dodds
 
 (1942), 52 Cal. App.2d 287, 288-289 [126 P.2d 150].) In any event, it may not be allowed to stand.
 
 (Dowd
 
 v.
 
 Clarke
 
 (1876), 51 Cal. 262, 263;
 
 Petroleum Midway Co.
 
 v.
 
 Zahn
 
 (1944), 62 Cal. App.2d 645, 652 [145 P.2d 371, 374];
 
 Gilmore
 
 v.
 
 Gilmore
 
 (1950), 99 Cal.App.2d 186, 187 [221 P.2d 123, 124].) “It has been said by this court that ‘the right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the Constitution.’ ” These words taken
 
 *887
 
 from
 
 Estate of Ingram
 
 (1929), 99 Cal.App. 660, 662 [279 P. 208], were quoted in
 
 Estate of Pendell
 
 (1932), 216 Cal. 384, 386 [14 P.2d 506, 507], another of the many eases where judgments (or orders) were reversed because findings were required but had not been filed.
 

 There are four eases,
 
 Demartin
 
 v.
 
 Demartin
 
 (1890), 85 Cal. 71, 75 [24 P. 594];
 
 In re Connors
 
 (1895), 110 Cal. 408, 413 [42 P. 906];
 
 Greer
 
 v.
 
 Greer
 
 (1939), 31 Cal.App.2d 39, 41 [87 P.2d 388, 389], and
 
 Wyman
 
 v.
 
 Municipal Court supra,
 
 102 Cal.App.2d 738, 740-741 [228 P.2d 89, 90, 229 P.2d 491], where the failure to file findings, where required, is looked upon simply as an error, which may or may not be prejudicial. These cases, we conclude, are out of harmony with the great majority of cases, which look upon the failure to file findings, not as an error in the proceedings leading up to judgment, hut as a proceeding which stops short of a judgment. In the first case listed, some six eases were relied upon, but none of them involved a situation where no findings had been filed.
 
 In re Connors
 
 cites three eases, one of which was
 
 Demartin
 
 v.
 
 Demartin.
 
 The other two were cases where findings had been filed. The only case cited in support of the holding in
 
 Greer
 
 v.
 
 Greer
 
 is
 
 In re Connors.
 
 No authority is cited in the last of our four cases
 
 (Wyman
 
 v.
 
 Municipal Court)
 
 other than article VI, section 4½. We are persuaded that we are on much more solid ground if we stand upon the principle in
 
 Petroleum Midway Co.
 
 v.
 
 Zahn, supra,
 
 62 Cal.App.2d 645, 652 [145 P.2d 371, 375]: “The entry of a judgment without findings, where findings are required and not waived, is not an immaterial error in procedure. [Citing cases.] ”
 

 It may well be that appellant may not complain of the ruling made when he requested findings, because he failed to enter an exception. Basically, however, the wrong that has been done him is the entry of a judgment without findings where findings were not waived. Of this he may complain without taking an exception. (Code Civ. Proc., § 647.)
 

 The judgment is reversed, with directions to the trial court to proceed to make and file findings of fact and conclusions of law, and to enter judgment thereon.
 

 Patrosso, J., and Stevens, J., concurred.