THE COURT.
This is an appeal from a judgment entered in favor of defendants (and cross-complainants) after a trial by the court sitting without a jury. The sole ground of the appeal is that the judgment was void because no written findings of fact and conclusions of law were signed by the court prior to the entry of the judgment. We conclude that findings, not having been requested in proper time, were not required and that the judgment should be affirmed.
The case was tried on March 16 and 17, 1961, at the conclusion of which counsel were given the right to file briefs, plaintiff’s brief to be filed within ten days, defendants’ brief within ten days thereafter, with an additional five days for plaintiff’s closing brief. In actual fact plaintiff’s opening brief was not filed until May 10, 1961, and defendants’ brief until September 20th. On September 21st the court entered judgment in favor of defendants. On September 25th plaintiff filed its motion for new trial which was heard and denied on November 24, 1961.
On December 4, 1961, plaintiff (appellant) filed its notice *883 of appeal. Thereafter a series of events occurred, some having to do with the proceedings in connection with the appeal, and others pertaining to proceedings in the trial court. On January 18, 1962, appellant was given permission by the trial court to file a closing brief. Such brief was filed on January 22, 1962, and for the first time appellant made a request for written findings of fact and conclusions of law. Thereafter, with the consent of the trial court and of counsel for defendants, written findings were signed and filed. However, at no time was the judgment entered on September 21, 1961, set aside, nor was any motion to accomplish that result ever filed. No new or different judgment was at any time rendered by the trial court.
Appellant’s brief contains many citations of eases holding that a judgment signed without findings having been filed is void. However, these are all cases dealing with Superior Court actions, and are not authority for municipal court cases. Code of Civil Procedure section 632, insofar as pertinent, provides:
“. . . In municipal courts written findings of fact and conclusions of law shall be deemed waived unless they shall be expressly requested by one or more of the parties at the oime of the trial; ’ ’
In the present case no request for findings was made at any time until long after the entry of judgment, and in fact not until after the filing of the notice of appeal. Appellant contends that the court’s judgment was entered before he had an opportunity to file his closing brief. However, in a ease tried by the court without a jury, it is entirely discretionary with the trial court whether to have argument or briefs. See Oil Workers International Union v. Superior Court, 103 Cal.App.2d 512 [230 P.2d 71], at page 581: “Oral argument in a civil proceeding tried before the court without a jury, is a privilege, not a right, which is accorded the parties by the court in its discretion.” In any event there was no request by counsel that the trial court set aside its judgment in order to permit the filing of a closing brief, nor in fact any request to file such closing brief until long after the filing of the notice of appeal.
Appellant’s first request for written findings was made on January 22, 1962, approximately four months after the entry of judgment by the trial court, and approximately a month and a half after the taking of the appeal. Although *884 Code of Civil Procedure section 632 requires that the request for findings in a municipal court action be made "at the time .of the trial,” it has been held that such request may be made at any time until there is an adjudication of the issues, and that the trial is not over until the judgment is entered. (Engleman v. Green, 125 Cal.App.2d Supp. 882 [270 P.2d 127].) The request for findings in the present case, coming not only after the entry of judgment but also after the filing of the notice of appeal, was clearly not timely.
Appellant contends that inasmuch as counsel for respondent agreed that findings could be filed, such constituted a waiver of any technical defects. The trouble with this argument is that such waiver occurred at a time subsequent to the filing of the notice of appeal, at which time the trial court lost jurisdiction to make further orders. See Swan v. Riverbank Canning Co., 81 Cal.App.2d 555 [184 P.2d 686], wherein it is stated at page 558:
"Generally speaking, the effect of an appeal is to deprive a trial court of jurisdiction until the appeal has been determined and the remittitur from the appellate court has been filed in the trial court; and such court cannot, while its jurisdiction is so suspending, vacate or set aside the judgment.”
See also Kinard v. Jordan, 175 Cal. 13 [164 P. 894] at page 15: "The appeal taken by these defendants removed the case from the jurisdiction of the superior court. It was no longer pending therein for the purpose of amending the judgment or of vacating it for errors apparent on the face of the record. The consent of the parties could not reinvest the court with jurisdiction of that subject matter. The lower court, therefore, had no power to make the order, and it must be deemed a nullity.” (Italics added.)
And see Takahashi v. Fish & Game Com., 30 Cal.2d 719 [185 P.2d 805], at page 725: "An appeal removes from the jurisdiction of the trial court the subject matter of the judgment or order appealed from, including all issues going to the validity or correctness of such judgment or order. The trial court has no power thereafter to amend or correct its judgment or order, or to vacate or to set it aside. Such power cannot be reinvested, in the trial court even by the consent of the parties.” (Italics added.)
All that is necessary to divest the trial court of jurisdiction is the filing of the notice of appeal. Kadota Fig Assn. v. Case-Swayne Co., 73 Cal.App.2d 815 [167 P.2d 523], *885 at page 822: “. . . all that is now required to perfect the appeal is to ffle with the clerk the notice thereof.” And see Estate of Hanley, 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250] at page 123: “The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court.”
Appellant cites Supple v. Luckenback, 12 Cal.2d 319 [84 P.2d 52], as authority for the right of a trial court to file findings after an appeal has been taken. The appellate court in that case, however, dismissed the appeal as having been prematurely filed. The only valid judgment therein involved was rendered subsequent to the filing of the appeal. The case is not authority for the proposition that the trial court retains jurisdiction to perform further acts after the filing of a valid notice of appeal.
It is clear from the foregoing that all of the proceedings in the trial court subsequent to December 4, 1961, the date the notice of appeal was filed, were of no effect insofar as these proceedings are concerned. It appearing that findings of fact and conclusions of law were waived by appellant’s failure to request such findings in proper time, the judgment of the trial court was not void as contended by appellant.
Judgment affirmed.