Arthur M. Cromarty, J.
Motion for reconsideration is granted and on such reconsideration the court adheres to the previous decision.
At issue is the meaning of the expression “immediately following” as it is used in CPLB 3123 (subd. [c]). That section establishes a procedure by which a party may demand from his adversary an admission of the truth of facts. If the adversary does not admit the facts and they are thereafter established as true, the requesting party may recover the expenses incurred for being put to his proof. A reasonable attorney’s fee is also .recoverable. The procedure for recovery of these expenses is to “ move at or immediately following the trial.”
Herein, the trial was conducted in two phases. The issue of liability was tried before Mr. Justice Hill on November 12, 13 and 14 of 1968. The jury having rendered its verdict in favor of plaintiff, the damages issue was tried before this court on December 4, 5 and 6 of 1968. Plaintiff did not move “ at ” either trial, but waited until December 10, 1968, four calendar — two working — days after the trial on damages. The question then is whether plaintiff moved ‘ ‘ immediately following the trial.”
In the third revision of Bouvier’s Law Dictionary it is said: “The words ‘ forthwith ’ and ‘ immediately ’ have the same meaning. They are stronger than the expression ‘ within a reasonable time, ’ and imply prompt, vigorous action, without any delay, and whether there has been such action is a question of fact, having regard to the circumstsances of the particular case.” In Black’s Law Dictionary (4th ed.) the word 1 ‘ immediately ’ ’ is defined thus: ‘1 Without interval of time, without delay, straightway, or without any delay or lapse of time.”
While in the area of statutory construction dictionary definitions are not controlling they do provide a useful guide when read in the context of the act of which the word is a part. By CPLR 3123 (subd. [c]) the party offended by a refusal to admit a fact has two choices. He may move “ at or immediately following the trial ”. These words do not permit the passage of an unstated period of time. They require action at the very latest when the trial ends. If the Legislature had intended to grant some time after the close of trial appropriate language could have been inserted. To sanction any extension *714 of time in view of the express language of the statute would constitute judicial legislation, a result to be avoided.
Even if we accept Bouvier’s statement that whether the party has acted promptly and vigorously and without delay is a factual question to be determined by the circumstances of the case, plaintiff cannot benefit. The fact in issue was whether defendant was driving while in an intoxicated condition. Proof of that fact, necessitated by defendant’s failure to admit, was given at the trial of the liability issue. On the damages phase of the case there was no need to prove defendant’s intoxication. If plaintiff intended to pursue the remedy afforded by CPLR 3123 (subd. [c]) he had ample opportunity to do so at or at the end of the liability trial, in the intervening period between the trials of the separate issues or at the end of the damages trial. If .there is any justification for broadening the meaning of the word “ immediately ” beyond its dictionary connotation no such justification is shown herein. Plaintiff had ample opportunity to seek redress. An attempt to gain further time by a strained construction of the statute is simply not warranted.