[Civ. No. 49917. First Dist., Div. Four. Feb. 4, 1981.]

ZENKER-FELT IMPORTS, Plaintiff and Respondent, v.
TERRY MALLOY, Defendant and Appellant.

COUNSEL

Michael F. Malloy and Janssen, Malloy & Marchi for Defendant and Appellant.

John L. Quinn for Plaintiff and Respondent.

OPINION

**RATTIGAN, Acting P. J.**—This appeal is from a judgment of the Municipal Court for the Eureka Judicial District (hereinafter municipal court). The appeal was initially taken to the Appellate Department of the Humboldt County Superior Court (superior court). The sole question presented to the superior court was whether appellant Terry Malloy had made a timely request for findings in the municipal court action. The superior court held that the request had not been timely, and affirmed the judgment, but certified to this court that transfer here was "necessary to secure uniformity of decision" on the issue. (See Code Civ. Proc., § 911; Cal. Rules of Court, rule 61 et seq.)[1] This court ordered the transfer pursuant to Rule 62. We consequently reexamine the question of timeliness.

### Procedural Sequence

The municipal court judgment emerged from a complicated factual and procedural background which involved three actions brought in that court. One of them may be disregarded because it is not directly pertinent to the appeal. The other two may be summarized as a single "action" because they were consolidated in the municipal court.

The action was tried by the municipal court in two separate phases conducted on April 23 and June 26, 1979.[2] Written findings of fact and conclusions of law were not requested before or during either phase. Pursuant to an order made at the conclusion of the second phase, the action was submitted on June 28.

---

[1]The terms Rule and Rules refer to the California Rules of Court throughout this opinion.

[2]Dates mentioned after this point refer to the calendar year 1979 except where indicated otherwise.

On July 26, the court filed a memorandum decision ("Notice of Intended Decision ...") in which it reviewed the complicated evidence and the procedural history of the action; set out some equally complicated arithmetical calculations; and ordered in effect that respondent Zenker-Felt Imports was entitled to recover a money judgment against appellant in the amount of $3,545.54. Written findings of fact and conclusions of law were not mentioned.

On August 2, appellant served and filed a formal request that written "findings of fact and conclusions of law be made in this action." On August 22, the court filed a "Ruling ..." in which the request was effectively denied as "untimely."[3] The court thereupon made no findings, but entered a judgment in respondent's favor pursuant to the memorandum decision filed on July 26.

Appellant filed a timely notice of appeal to the superior court. He contended on the ensuing appeal that his request for findings had been timely; that he was accordingly entitled to findings; and that the municipal court had committed reversible error in denying the request and entering the judgment without them. In a detailed opinion filed on June 24, 1980, the superior court held that the request had not been timely; affirmed the judgment; and certified the cause to this court as described above.

### Review

■ Whether written findings of fact and conclusions of law are required in a superior or municipal court, and the timeliness of a request for them in either court, are controlled by section 632 of the Code of Civil Procedure.[4] The statute provides in its third paragraph that findings are "deemed waived" (i.e., that they are not required) in a municipal court action "unless expressly requested by one or more of

---

[3]This document read as follows: "RULING ON REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW [.] [¶] The trial in this matter was heard on April 23...[and]...June 26, 1979. The request for findings of fact and conclusions of law was filed on August 2, 1979. [¶] 'In municipal courts, findings of fact and conclusions of law shall be deemed waived unless expressly requested by one or more of the parties at the time of trial ....' CCP 632. [¶] The request for findings is untimely."

[4]This section is hereinafter cited or identified as "the statute," or "section 632." While the actions involved here were pending in the municipal court, the first three paragraphs of the statute read as follows:

632. "In superior, municipal, and justice courts, upon the trial of a question of fact

the parties at the time of the trial ...." (See fn. 4, *ante.*) Appellant having "expressly requested" findings five weeks after the conclusion of the "trial" as such, and several days after the municipal court had announced its intended decision, the question is whether his request was made "at the time of the trial" within the meaning of the language just quoted.

Commencing with *Engleman v. Green* (1954) 125 Cal.App.2d Supp. 882 [270 P.2d 127], the appellate departments of other superior courts have interpreted the language to mean that findings are required in a municipal court action if they are requested at any time before judgment is entered: i.e., that a request for them is timely if it is made before judgment. (*Engleman v. Green, supra,* at pp. 884-886; *Haupt v. La Brea Heating etc. Co.* (1954) 125 Cal.App.2d Supp. 888, 889 [270 P.2d 125]; *Hardy v. Foster* (1954) 125 Cal.App.2d Supp. 890, 891 [270 P.2d 130]; *Cannon v. Goble* (1954) 127 Cal.App.2d Supp. 833 [273 P.2d 44]; see *Diesel Constr. Equip. Co. v. Neveils* (1963) 214 Cal. App.2d Supp. 877, 879-880 [30 Cal.Rptr. 163].) These courts have followed the reasoning, first expressed in *Engleman,* that a request made before judgment is made "at the time of the trial" because "until the judgment is entered the trial is not over." (*Engleman v. Green, supra,* at pp. 884-885.)

Appellant cited some of these decisions on his appeal to the superior court. The court acknowledged them in its opinion (citing *Engleman, Haupt,* and *Hardy*), but expressly declined to follow them; cited and discussed section 632 and the pertinent Rules; held that appellant's request for findings was not timely according to "our interpretation of the

by the court, written findings of fact and conclusions of law shall not be required, except as herein provided.

"In superior courts upon such trial, the court shall announce its intended decision. Within the time after such announcement permitted by rules of the Judicial Council, any party appearing at the trial may request findings. Unless findings are requested, the court shall not be required to make written findings and conclusions.

"In municipal and justice courts, findings and conclusions shall be deemed waived unless expressly requested by one or more of the parties at the time of the trial; provided, that the court shall not be required to make any written findings and conclusions in any case in which the amount of the demand, exclusive of interest and costs, or the value of the property in controversy, does not exceed one thousand dollars ($1,000)."

The seventh paragraph of the statute provides in pertinent part: "The procedure for requesting, preparing, and filing written findings and conclusions ... shall be in accordance with rules adopted by the Judicial Council...."

As to municipal courts, and except for the amount of the money limitation provided in it, the above-quoted language of the third paragraph has appeared in the statute since 1933. (See Stats. 1933, ch. 744, § 105, p. 1876.)

applicable law"; and affirmed the judgment on that ground. The superior court's departure from the *Engleman* line of decisions prompted its certification that transfer was "necessary to secure uniformity of decision."

We agree with the superior court. We therefore hold that a request for findings in a municipal court action is untimely and ineffective unless it is made "at the time of the trial" in the literal and conventional sense of that term.

This result is based on our interpretation of section 632 itself. It provides in its first paragraph that findings are not "required" in any trial court "except as . . . provided" in the statute. (See fn. 4, *ante.*) The second paragraph provides in effect that findings are required in a *superior* court action only if a party requests them when the court has announced its intended decision and "[w]ithin the time after such announcement permitted by rules of the Judicial Council." (See *ibid.*) The Legislature has thus prescribed in the second paragraph that whether findings are "required" in a superior court action may not be determined until *after* the court's announcement of its intended decision, and that they may neither be requested nor waived *before* that.

The third paragraph of the statute commands precisely the opposite interpretation as to an action in a municipal court. It provides in effect that findings are required in that court *only if* they have been "expressly requested by one or more of the parties at the time of the trial." The paragraph does not refer to the municipal court's announcement of its intended decision. Read in contrast to the second paragraph of the statute addressed to superior courts, the third paragraph unmistakably imports that findings are required in a municipal court only if they are "expressly requested" *before* its announcement of intended decision. Because the words "at the time of the trial" necessarily refer to a "time" before the announcement, we perceive that the Legislature intended them to mean the "trial" in the literal sense of that term: i.e., the proceeding at which evidence is received and the action is submitted for decision.

The pertinent distinction between the second and third paragraphs of section 632 has been recognized by the Judicial Council in the rules it has adopted for the respective trial courts pursuant to the seventh paragraph of the statute. (See fn. 4, *ante.*) Rule 232, which applies in superior courts only, provides in effect that findings may not be request-

ed or waived until *after* the court has announced its intended decision as required by the second paragraph of section 632.[5] Rule 520, which applies only in the municipal courts, effectively provides the converse: i.e., that findings must be requested *before* the announcement and may not be requested afterward.[6] Rule 520 thus demonstrates that the Judicial Council has similarly interpreted the third paragraph of section 632 as providing that findings in a municipal court action must be requested at the "trial" in the literal sense of that term.

The Judicial Council is established by a section of the Constitution which further provides that "[t]o improve the administration of justice the council shall ... adopt rules for court administration, practice and procedure, not inconsistent with statute, and perform other functions

---

[5]As its number indicates, Rule 232 presently appears in the "Rules for the Superior Courts" (div. I of tit. two of the Rules, commencing with Rule 201). It provides in pertinent part as follows: Rule 232. "(a) Upon the trial of a question of fact by the court, the court shall announce its intended decision by an oral statement, entered in the minutes, or by a written statement filed with the clerk. Unless such statement is made in open court in the presence of all parties who appeared at the trial, the clerk shall forthwith mail to all parties who appeared at the trial a copy of the minute entry or written statement of intended decision, together with a copy of any memorandum of decision filed by the court and shall execute and file a certificate of such mailing....

"(b) A request for findings of fact and conclusions of law shall be served and filed within 10 days after oral announcement of intended decision in open court or, if mailing of the announcement of intended decision is required, within 10 days after such mailing ...."

The substance of these paragraphs appeared in Rule 19 of the "Rules for the Superior Courts (Revised)" which were adopted by the Judicial Council effective January 1, 1949. (See 33 Cal.2d 1, 8-9; see also *id.*, at the unnumbered page following p. xxv.) That rule was renumbered as Rule 232, without substantive change, when the council recompiled the Rules of Court in 1962. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 127, p. 397.)

[6]As indicated by its number, Rule 520 presently appears in the "Rules for the Municipal Courts" (div. II of tit. two of the Rules, commencing with Rule 501). It provides in pertinent part as follows: Rule 520. "*When written findings of fact and conclusions of law are required*, counsel for the prevailing party shall, within 10 days after announcement of decision, unless otherwise ordered, prepare, serve and submit to the court proposed written findings of fact and conclusions of law together with the proposed judgment or decree...." (Italics added.)

Paraphrased in light of the statutory provisions underlying Rule 520, the emphasized clause in the quoted passage reads in effect: "*If* written findings of fact and conclusions of law have been expressly requested at the time of the trial ...." (See § 632, third par., quoted in fn. 4, *ante*.)

The quoted passage appeared in Rule 19 of the "Rules for the Municipal Courts" which were adopted by the Judicial Council effective January 5, 1953. (See 40 Cal.2d 1, 8.) It was retained, without change, when that rule was renumbered as Rule 520 in the 1962 recompilation of the Rules of Court. (See 1 Witkin, Cal. Procedure (2d ed. 1970), *op. cit. supra*, § 127, p. 397; see also fn. 5, *ante*.)

prescribed by statute." (Cal. Const., art. VI, § 6.) The council has adopted Rule 520 in the performance of a "function" prescribed by section 632, which it is obligated to effectuate and enforce in the "administration of justice." The council's interpretation of the statutory term "the time of the trial" is consequently to be accorded the benefit of the familiar rule that the contemporaneous construction of a statute by an administrative agency charged with its enforcement is entitled to "great weight" unless it is "clearly erroneous or unauthorized." (*Rivera v. City of Fresno* (1971) 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793]; *Judson Steel Corp. v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668-669 [150 Cal.Rptr 250, 586 P.2d 564]; *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1979) 88 Cal.App.3d 43, 53 [152 Cal.Rptr. 153].)

The last-quoted qualification invokes the opposing rules that administrative construction of a statute is not conclusive, and that the final responsibility for its interpretation rests with the courts alone. (*Mooney v. Pickett* (1971) 4 Cal.3d 669, 681 [94 Cal.Rptr. 279, 483 P.2d 1231]; *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra,* 88 Cal.App.3d 43 at p. 54.) As we have seen, however, the Judicial Council's interpretation of the critical statutory term ("the time of the trial") is wholly consistent with the language of the statute itself.

The superior court reached this interpretation of the statutory term in the present case, relying in part on the contrasting provisions of Rules 520 and 232. The court also reasoned that the term ("the time of the trial") was to be construed according to its "customary meaning," which is "that it refers to the period of time, in the courtroom, during which the trial itself is taking place" (citing *Halligan v. Glazebrook* (1969) 59 Misc.2d 712 [299 N.Y.S.2d 951]). We agree with this analysis and adopt it.

This result is obviously contrary to the rule formulated by the appellate department of the superior court in *Engleman v. Green, supra,* 125 Cal.App.2d Supp. 882, and followed by other courts at that level. (See *id.,* at pp. 884-886; *Haupt v. La Brea Heating etc. Co., supra,* 125 Cal. App.2d Supp. 888 at p. 889; *Hardy v. Foster, supra,* 125 Cal.App.2d Supp. 890 at p. 891; *Cannon v. Goble, supra,* 127 Cal.App.2d Supp. 833.) The *Engleman* rule has been criticized on the plausible ground that it is inconsistent with the realities of municipal court practice. (See Cal. Civil Procedure During Trial (Cont.Ed.Bar 1960) §§ 21.30-21.31, pp. 544-545.)

The rule also reflects the *Engleman* court's simplistic reasoning that "at the time of the trial" means "any time before judgment" because "until the judgment is entered the trial is not over." (*Engleman* v. *Green, supra,* 125 Cal.App.2d Supp. 882 at pp. 884-885.) That reasoning was applied without analysis of section 632 as it read when *Engleman* was decided in 1954 (see *id.,* at p. 882; see also fn. 4, *ante*), or of its interpretation by the Judicial Council in the rules then in effect. (See fns. 5 and 6.) Examined in light of those controlling sources, the *Engleman* rule is clearly wrong.

It has stood without challenge for many years, a fact which necessarily evokes the variant of stare decisis which may be termed the "rule of long acceptance." (See 6 Witkin, Cal. Procedure (2d ed. 1971), *op. cit. supra,* Appeal, § 682, pp. 4597-4598, and cases there cited.) An appellate court questioning the validity of precedent established by its peer courts will commonly defer to this rule in order to avoid creating a conflict in the law where none exists. (See, e.g., *Injectronics, Inc.* v. *Commodore Business Machines, Inc.* (1979) 100 Cal.App.3d .185, 188 [160 Cal.Rptr. 667].) Our responsibility in the present case is to resolve a conflict which has now been created among other appellate courts whose decisions do not bind us. (Cf. *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455-456 [20 Cal.Rptr. 321, 369 P.2d 937].) Given the choice clearly commanded of us by section 632, we decline to sustain the *Engleman* rule on the basis of its long acceptance. *Engleman* v. *Green, supra,* 125 Cal.App.2d Supp. 882, and its progeny, are accordingly overruled.

In the present case, however, the municipal court's memorandum decision expressed its determination of complicated factual and arithmetical issues. Section 632 reaches them in terms of the monetary values involved, which exceed $1,000. (See § 632, third par., quoted in fn. 4, *ante*.) Their resolution by written findings of fact and conclusions of law would comport with the interests of justice. Appellant Malloy requested findings after the memorandum decision was filed, but he thereby invoked the *Engleman* rule at a time when it had not been challenged or questioned. In fairness to him, and to other litigants who may be similarly situated in municipal court actions throughout the state, we further hold that this decision shall operate with prospective effect only. (Cf. *Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 580 [12 Cal.Rptr. 257, 360 P.2d 897]; *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680]; see *Mau* v. *Superior*

*Court* (1980) 101 Cal.App.3d 875, 878-881 [161 Cal.Rptr. 895]; 6 Witkin, Cal. Procedure (2d. ed. 1971), *op. cit. supra*, Appeal, §§ 704-705, pp. 4620-4622.) Reversal is accordingly required in the present case.

The judgment of the municipal court is reversed. The cause is remanded to that court with directions to make written findings of fact and conclusions of law and to render a new judgment accordingly.

Christian, J., and Anderson, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.