BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE PETER F. KNOLL, DISTRICT ATTORNEY, COUNTY OF SISKIYOU, has requested an opinion on the following question:
May a district attorney make copies of documents maintained in a juvenile case file without first obtaining a court order authorizing the copying of the documents?
 CONCLUSION
A district attorney may not make copies of documents maintained in a juvenile case file without first obtaining a court order authorizing the copying of the documents.
 ANALYSIS
The question presented for analysis concerns whether a district attorney not only has the authority to "inspect" a juvenile case file but also to make copies of the documents that are being inspected. Does the word "inspected" contained in Welfare and Institutions Code section827, subdivision (a)(1)[1] include the authority to copy? We conclude that it does not.
Section 827 provides:
"(a) (1) . . . a case file may be inspected only by the following:
"(A) Court personnel.
 "(B) The district attorney, a city attorney, or city prosecutor authorized to prosecute criminal or juvenile cases under state law.
"(C) The minor who is the subject of the proceeding.
"(D) His or her parents or guardian.
 "(E) The attorneys for the parties, and judges, referees, other hearing officers, probation officers and law enforcement officers who are actively participating in criminal or juvenile proceedings involving the minor.
 "(F) The superintendent or designee of the school district where the minor is enrolled or attending school.
"(G) Members of the child protective agencies. . . .
"(H) The State Department of Social Services. . . .
 "(I) To authorized legal staff or special investigators who are peace officers who are employed by, or who are authorized representatives of, the State Department of Social Services. . . .
 "(J) Members of children's multidisciplinary teams, persons or agencies providing treatment or supervision of the minor.
 "(K) A judge, commissioner, or other hearing officer assigned to a family law case with issues concerning custody or visitation, or both, involving the minor, and the following persons, if actively participating in the family law case: a family court mediator assigned to a case involving the minor . . . a child custody evaluator appointed by the court . . . and counsel appointed for the minor in the family law case. . . .
"(L) Juvenile justice commissions. . . .
 "(M) Any other person who may be designated by court order of the judge of the juvenile court upon filing a petition.
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(4) A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, shall not be disseminated by the receiving agencies to any persons or agencies, other than those persons or agencies authorized to receive documents pursuant to this section. Further, a juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, shall not be made as an attachment to any other documents without the prior approval of the presiding judge of the juvenile court, unless it is used in connection with and in the course of a criminal investigation or a proceeding brought to declare a person a dependent child or ward of the juvenile court.
 "(b) (1) While the Legislature reaffirms its belief that juvenile court records, in general, should be confidential, it is the intent of the Legislature in enacting this subdivision to provide for a limited exception to juvenile court record confidentiality to promote more effective communication among juvenile courts, family courts, law enforcement agencies, and schools to ensure the rehabilitation of juvenile criminal offenders as well as to lessen the potential for drug use, violence, other forms of delinquency, and child abuse.
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(e) For purposes of this section, a `juvenile case file' means a petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making his or her report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer."
The provisions of section 827 have been implemented by the Judicial Council pursuant to its constitutional duty to "adopt rules for court administration, practice and procedure" that are "not . . . inconsistent with statute." (Cal. Const., art. VI, § 6; see Zenker-Felt Imports v. Malloy (1981) 115 Cal.App.3d 713, 720 [Judicial Council rule entitled to "great weight" as administration construction of a statute].) California Rules of Court, rule 1423 states:
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(b) Only those persons specified in sections 827 and 828 may inspect juvenile court records without authorization from the court. Juvenile court records may not be obtained or inspected by civil or criminal subpoena. Authorization for any other person to inspect, obtain, or copy juvenile court records must be ordered by the juvenile court presiding judge or a judicial officer designated by the juvenile court presiding judge.
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(c) With the exception of those persons permitted to inspect juvenile court records without court authorization under sections 827 and 828, every person or agency seeking to inspect or obtain juvenile court records must petition the court for authorization using Judicial Council form JV-570, Petition for Disclosure of Juvenile Court Records. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(e) The court shall review the petition and grant or deny it summarily, or set a hearing. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . ."[2]
It is clear that under section 827's terms and its implementing court rule, a district attorney may obtain a court order to copy the records in a juvenile case file. The order may be entered without a hearing. (Cal. Rules of Court, rule 1423(e).)
However, is a court order required for a district attorney to copy the records contained in a juvenile case file? We have previously addressed and answered that question. In 62 Ops.Cal.Atty.Gen. 634 (1979), we concluded:
 ". . . Section 827 specifically provides only for inspection of reports. We conclude the right to inspect reports as provided for in section 827 does not include the right to receive copies. . . ." (Id. at p. 638.)[3]
At the time of our 1979 opinion, section 827 stated in part: "a petition filed in any juvenile court proceeding . . . and all other documents filed in any such case . . . may be inspected only by court personnel, the minor. . . ." (Stats. 1972, ch. 1139, § 1.) Since 1979, section 827 has been amended 21 times. (Stats. 1982, ch. 1103, § 4; Stats. 1984, ch. 1011, § 3; Stats. 1984, ch. 1370; § 3; Stats. 1984, ch. 1423, § 11; Stats. 1990, ch. 246, § 3; Stats. 1991, ch. 1202, § 21; Stats. 1992, ch. 148, § 1; Stats. 1993, ch. 589, § 193; Stats. 1994, ch. 453, § 14; Stats. 1994, ch. 1018, § 1; Stats. 1994, ch. 1019, § 4; Stats. 1995, ch. 71, § 1; Stats. 1996, ch. 599, § 1; Stats. 1998, ch. 311, § 55; Stats. 1999, ch. 984, § 1; Stats. 1999, ch. 985, § 3; Stats. 1999, ch. 996, § 22.3; Stats. 2000, ch. 135, § 168; Stats. 2000, ch. 908, § 3; Stats. 2000, ch. 926, § 8; Stats. 2001, ch. 754, § 6.) In all of these amendments, the Legislature has never changed the critical phrase "may be inspected only" contained in the statute's grant of authority.
In California Assn. of Psychology Providers v. Rank (1990) 51 Cal.3d 1, the Supreme Court set forth the rule of statutory construction relevant to our inquiry:
 "`Opinions of the Attorney General, while not binding, are entitled to great weight. [Citations.] In the absence of controlling authority, these opinions are persuasive "since the Legislature is presumed to be cognizant of that construction of the statute.'" [Citation.]" (Id. at p. 17.)
This rule has been reaffirmed in a variety of contexts. (See, e.g., Southern Pacific Pipe Lines, Inc. v. State Bd. of Equalization (1993)14 Cal.App.4th 42, 54; Napa Valley Educators' Assn. v. Napa Valley Unified School Dist. (1987) 194 Cal.App.3d 243, 251; Ventura v. City of San Jose (1984) 151 Cal.App.3d 1076, 1080; Henderson v. Board of Education (1978) 78 Cal.App.3d 875, 883.) "It must be presumed that the [Attorney General's] interpretation has come to the attention of the Legislature, and if it were contrary to the legislative intent that some corrective measure would have been adopted. . . ." (Meyer v. Board of Trustees (1961) 195 Cal.App.2d 420, 431-432.)
In sum, the Legislature has not added the words "and copied" during the numerous times it has amended section 827 since our 1979 opinion. The Legislature would know, of course, how to say "inspected and copied" if it so intended. (See, e.g., Corp. Code, §6330 ["inspect and copy"]; Ed. Code, § 94874 ["inspection and copying"]; Evid. Code, § 1158 ["inspection and copying"]; Fam. Code, § 9200 ["inspection or copying"]; Gov. Code, §6263 ["inspection or copying"]; Pen. Code, § 936.7
["inspection and copying"].) In the absence of such an amendment, we reaffirm our 1979 opinion.
We conclude that a district attorney may not make copies of documents maintained in a juvenile case file without first obtaining a court order authorizing the copying of the documents.
[1] All references to the Welfare and Institutions Code hereafter are by section number only.
[2] Section 828 concerns certain information gathered by a law enforcement agency; its provisions are inapplicable to our discussion.
[3] Nothing in the ordinary use of the word "inspected" suggests that it also means "copied." The term "inspection" in this context commonly is defined as: "A careful examination of something, such as goods (to determine their fitness for purchase) or items produced in response to a discovery request (to determine their relevance to a lawsuit)." (Black's Law Dict. (7th ed. 1999), p. 799, col. 2.) "`Words used in a statute . . should be given the meaning they bear in ordinary use. [Citation.]'" (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.)