PEERLESS ROOFING CO.,
LTD., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 80–7091, 80–7161.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1981.

Decided April 6, 1981.

Rehearing and Rehearing En Banc
Denied June 3, 1981.

Barry W. Marr, Torkildson, Katz, Jossem, Honolulu, Hawaii, for petitioner.

John D. Burgoyne, Asst. Atty. Gen., Washington, D. C., for respondent.

Before TANG and FLETCHER, Circuit Judges, and EAST, District Judge.*

FLETCHER, Circuit Judge:

Peerless Roofing Co., Ltd., petitions for review of an order of the National Labor Relations Board requiring Peerless to contribute sums owing to the Union's trust fund, to post notices, and to cease and desist from related unfair labor practices. The Board makes cross-application for enforcement. We enforce the Board's order in full.

---

I

## REFUSAL TO BARGAIN

■ The Board found that Peerless had committed an unfair labor practice by ceasing to make contributions to union trust funds after its collective bargaining agreement with the Union expired. A new agreement was under negotiation at that time. Peerless contends that its failure to make contributions to the union trust funds beginning in May, 1978, was not an unfair labor practice because the change was reasonably comprehended in the terms of its contract offers to the Union,[1] and was implemented after a valid impasse in negotiations was reached. Because we hold that the change was not reasonably comprehended, we do not reach the question of impasse. *NLRB v. Yutana Barge Lines, Inc.*, 315 F.2d 524, 529–30 (9th Cir. 1963); *see also NLRB v. Crompton-Highland Mills, Inc.*, 337 U.S. 217, 225, 69 S.Ct. 960, 963, 93 L.Ed. 1320 (1949).

The Board found that during negotiations Peerless never proposed terminating all payments to the union trust funds. We must accept this finding if it is supported by substantial evidence on the record as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 463–64, 95 L.Ed. 456 (1951). If the change was not comprehended in any of Peerless' proposals, its unilateral implementation amounts to a refusal to bargain in violation of 29 U.S.C. § 158(a)(1) & (5). *Clear Pine Mouldings, Inc. v. NLRB*, 632 F.2d 721, 729–30 (9th Cir. 1980). *See NLRB v. Katz*, 369 U.S. 736, 743, 82 S.Ct. 1107, 1111, 8 L.Ed.2d 230 (1962).

The record is clear that, while fringe benefits including trust fund contributions were among the subjects of negotiation, Peerless never proposed the substitution of cash wages for trust fund payments. The Union must be given a chance to discuss the specifics of any proposal before it is implemented, *id.* and this was not done.

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The Union, Local 221, United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Assoc., is not a party to this proceeding.

## II

### THE REMEDY

■ Peerless also argues that the remedy ordered by the Board is illegal. The Board ordered Peerless to make trust fund payments for the months of May through August, 1978. Peerless contends that these payments would be illegal under section 302(c)(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 186(c)(5) (Supp. II 1978).

Section 302(c)(5) prohibits all payments by an employer to an employee representative (here, the trustees of the union trust funds) unless there is a specific written agreement covering the payments, and the money is for the sole and exclusive benefit of the employees. 29 U.S.C. § 186(c)(5). Peerless argues that because the collective bargaining agreement between it and the Union expired in April, there is no such written agreement.

This argument must be rejected for two reasons. First, it appears from the record that the trust funds were established by documents separate and apart from the collective bargaining agreement. Second, the collective bargaining agreement itself survives its expiration date for some purposes. During negotiations, the employer is required by section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) (1976), to maintain the status quo as to wages and working conditions, even following the expiration date of the agreement. *Clear Pine Mouldings, Inc. v. NLRB*, 632 F.2d 721, 729 (9th Cir. 1980). If the employer's obligation to make trust fund payments were terminated by the expiration of the agreement, the union would never have an opportunity to bargain over those contributions. This result would not advance national labor policy as articulated in the National Labor Relations Act.

We conclude that the trust fund agreements and the collective bargaining agreement sufficiently protected the employees' interests as required by section 302(c)(5), 29 U.S.C. § 186(c)(5). *See Hinson v. NLRB*, 428 F.2d 133, 137–39 (8th Cir. 1970).[2] The remedy ordered by the Board was therefore not illegal and should be enforced.

## III

### STATUTE OF LIMITATIONS

■ Peerless finally argues that the Union's charge is barred by the six-month statute of limitations in the National Labor Relations Act, 29 U.S.C. § 160(b). The charge was filed on December 7, 1978. The first trust fund contribution which Peerless failed to make would have been due on June 20, 1978, although the obligation to make the contribution had accrued in May. The Union had no notice prior to June 20 that Peerless would not make the required contributions; the record suggests, in fact, that it may not have known until October. We therefore hold that the limitations period did not begin to run until at least June 20. The unfair labor practice charge was timely.

Since we find no merit in any of Peerless' objections to the order of the NLRB, the order will be

ENFORCED.

2. Petitioners rely heavily on *Moglia v. Geoghegan*, 403 F.2d 110 (2d Cir. 1968), *cert. denied*, 394 U.S. 919, 89 S.Ct. 1193, 22 L.Ed.2d 453 (1969). *Moglia* is not on point, however. The employer in that case had neglected to sign any of the agreements governing the union pension fund, and the court held that payments into the fund were therefore prohibited by section 302(c)(5). We also note that *Moglia* was a private suit between a pension beneficiary and the trustees of the fund, so the court had no occasion to consider the collective bargaining obligations of the employer or the requirements of national labor policy.