**U.A. 198 HEALTH & WELFARE, EDUCATION AND PENSIONS FUNDS**

v.

**RESTER REFRIGERATION SERVICE, INC.**

Civ. A. No. 85–319–A.

United States District Court, M.D. Louisiana.

July 3, 1985.

Louis L. Robein, Jr., Robert H. Urann, Gardner, Robein & Healey, Metairie, La., for plaintiff.

Charles W. Raymond, Daniel K. Rester, Camp, Carmouche, Barsh, Hunter, Gray, Hoffman & Gill, Baton Rouge, La., for defendant.

### MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

This case presents a pure question of statutory construction upon which the court's subject matter jurisdiction depends. This is an action instituted by the Funds to compel payment of employee fringe benefit contributions for a period of time following the expiration of a written collective bargaining agreement. Labor management law requires, under some circumstances, that the employer make no change in conditions of employment, including payment of such contributions, following expiration of the agreement. The issues to be resolved are whether the Labor Management Relations Act confers jurisdiction upon the district court to hear this dispute and whether the Employee Retirement Income Security Act of 1974 confers jurisdiction to hear the dispute even though the obligation to pay the fringe benefits arises not from the collective bargaining agreement, but from general labor-management law.

The defendant, Rester, has filed a motion to dismiss for lack of subject matter jurisdiction or alternatively a motion for summary judgment. Briefs have been filed by both sides. The facts are undisputed.

Rester was a signatory to a collective bargaining agreement dated May 1, 1981 between the Plumbers and Steamfitters Local Union No. 198 and Associated Mechanical Contractors of Baton Rouge which expired by its own terms on April 30, 1984. Rester made the contributions required by

the contract during the term of its existence. It is undisputed that Rester ceased making contributions after April 30, 1984. Rester claims that it engaged in collective bargaining with Local 198 prior to the expiration of the agreement but that it notified the Local that "an impasse" had been reached and that it would not negotiate after the expiration of the agreement. The plaintiffs dispute the claim of "impasse" and there are disputed issues of fact as to that issue. That issue, however, does not influence the jurisdictional question.

The complaint asserts jurisdiction under the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 and § 1145. Defendant asserts that the Employee Retirement Income Security Act of 1974 does not authorize suits in district court to enforce obligations that do not arise from contract and that the National Labor Relations Board has exclusive jurisdiction to determine whether Rester's cessation of fringe benefits amounts to an unfair labor practice.

 The jurisprudence is uniform that the duty to bargain collectively imposed by Section 8(a)(5) of the Labor Management Relations Act, 29 U.S.C. § 158(a)(5), includes that of maintaining the status quo as to conditions of employment. *N.L.R.B. v. Katz*, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962). Even after the expiration of a collective bargaining agreement, an employer must bargain with the union before making any unilateral changes in those terms and conditions which are mandatory bargaining subjects under the Act, including contributions to health, welfare, and pension funds, *N.L.R.B. v. Sac Const. Co., Inc.*, 603 F.2d 1155 (5th Cir.1979) and the employer must continue making those payments during such negotiations. *N.L.R.B. v. Haberman Construction Co.*, 641 F.2d 351, 357 (5th Cir.1981); *Peerless Roofing Co., Ltd. v. N.L.R.B.*, 641 F.2d 734 (9th Cir.1981). See also, *Hinson v. N.L.R.B.*, 428 F.2d 133 (8th Cir.1970), noting that the obligation continues after expiration of the

contract, "in limited form, *not by reason of the contract itself but because of the dictates of the policy embodied in the National Labor Relations Act.*" Id. at 138 (emphasis in original). It is clear that a refusal by the employer to make such contributions constitutes an unfair labor practice under the jurisdiction of the N.L.R.B. See e.g. *N.L.R.B. v. Haberman Construction Co.*, supra. Generally, the N.L.R.B. has exclusive jurisdiction over alleged unfair labor practices. See *San Diego Building Trades Council, Etc. v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), noting that it is essential to the administration of the Act that adjudication of such matters be left to the Board. The Congress has created an exception to such exclusive jurisdiction in the Board in Section 301(a) of the Act, 29 U.S.C. § 185(a) which provides that "Suits for violation of contracts between an employer and a labor organization" may be brought in the district courts. Thus, the district court does have jurisdiction to enforce *contractual* employer obligations and a failure to pay fringe benefits as required by an existing contract can be an unfair labor practice and also constitute a breach of the collective bargaining agreement. Under those circumstances the Board's authority is not exclusive and the district court has jurisdiction to resolve the contract dispute. *William E. Arnold Co. v. Carpenters District Council*, 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974). By enacting Section 301(a) of the Act, the Congress deliberately chose to leave the enforcement of collective bargaining agreements to the usual processes of the law rather than the exclusive jurisdiction of the N.L.R.B. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

 At least one circuit has concluded that Section 301(a) of the Labor Management Relations Act does not confer jurisdiction upon the district courts to entertain claims of alleged failure to pay fringe benefits due under the duty to bargain requirement of Section 8(a)(5) of the Labor Management Relations Act. *Cement Ma-*

*sons Health and Welfare, Etc. v. Kirk-wood-Bly*, 520 F.Supp. 942 (N.D.Calf.1981), aff'd 692 F.2d 641 (9th Cir.1982) held that the obligation to make fringe benefit payments following expiration of the collective bargaining agreement arises from the provisions of the Labor Management Relations Act, and not from the collective bargaining agreement, and that the N.L.R.B. had exclusive jurisdiction to entertain an alleged unfair labor practice. Plaintiffs seem to concede the correctness of that holding since they do not suggest to the contrary in brief. The result seems plain that a suit to enforce a statutory obligation is not a "suit for violation of a contract" and I conclude that the Fifth Circuit would follow the holding of the Ninth Circuit on that issue. Accordingly, the Labor Management Relations Act confers no subject matter jurisdiction upon this court to entertain this action.

Plaintiff's primary thrust is founded on Sections 502 and 515, 29 U.S.C. § 1132 and § 1145, of the Employee Retirement Income Security Act of 1974. Section 1145 provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or *under the terms of a collectively bargained agreement* shall, to the extent not inconsistent with law, make such contributions *in accordance with the terms and conditions of such plan or such agreement.* (emphasis supplied)

29 U.S.C. § 1132 then confers jurisdiction upon the district courts "to enforce any provisions of this subchapter or the terms of the plan."

Rester argues that the obligation to make "contributions," if any, arises from the Labor Management Relations Act and not "under the terms of a collectively bargained agreement" and thus that the court lacks subject matter jurisdiction. Plaintiffs argue that the language of the statute, legislative history and national labor policy require that the statute be construed so as to vest jurisdiction over all claims for unpaid employer contributions in the district courts. Plaintiffs rely upon language in some judicial opinions, for example, *Peerless Roofing Co., Ltd. v. N.L.R.B.*, supra, at 736 where the court stated:

> [T]he collective bargaining agreement itself survives its expiration date for some purposes. During negotiations, the employer is required by Section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) (1976), to maintain the status quo as to wages and working conditions, even following the expiration date of the agreement.

The language employed by a court must be read and understood against the factual background of the issues then before the court.

In *Peerless Roofing*, supra, the agreement had expired and the N.L.R.B. was attempting to require the employer to continue to pay trust fund benefits under the duty imposed by Section 8(a)(5) of the National Labor Relations Act. No provision of the agreement provided for continuing such payments; the duty was strictly statutory, not contractual. It is obviously impossible for any portion of a dead agreement to "survive." A collective bargaining agreement, just like any other agreement which has expired by its own terms is over—finished—it confers no rights and imposes no obligations upon anyone. The duty to maintain the status quo imposed by the provisions of the National Labor Relations Act is quite different from a contractual obligation and, with due deference to the Ninth Circuit, the Act does not provide for "survival" of the agreement; it simply prevents unilateral changes during the bargaining process and is a statutory obligation, not a contractual one.

Research by court and counsel have produced only two cases which address this issue and one case comes down on each side of the issue. In *Laborers Health & Welfare Trust Fund v. Hess*, 594 F.Supp. 273 (N.D.Calf.1984) the court in a carefully reasoned opinion concluded that Sections 502 and 515 of the Employer Retirement Income Security Act, quoted above, do provide a basis for jurisdiction over suits to

collect contributions owing after expiration of collective bargaining agreements. Id. at 282. In *Mo-Kan Teamsters Pen. Fund v. Botsford Ready Mix*, 605 F.Supp. 1441 (W.D.Mo.1985) the court, after considering the decision in *Laborers Health & Welfare Trust Fund v. Hess*, reached a contrary result.

*Laborers Health & Welfare Fund v. Hess*, supra, was predicated upon the provisions of 29 U.S.C. § 1392(a), relating to employer withdrawals included in a new subtitle, added by 1980 amendments. Pub.L. 96–364. There the term "obligation to contribute" is defined, *"for purposes of this part"*, (emphasis supplied) to mean an obligation ... "arising—(1) under one or more collective bargaining (or related) agreements, or (2) as a result of a *duty under applicable labor-management relations law.*" (emphasis supplied) Section 1392 is contained in Part 1 "Employer Withdrawls" of Subtitle E of Subchapter III, while Sections 1132 and 1145 are contained in Part 5 "Administration and Enforcement" of Subtitle B of Subchapter I of the statute. The court concluded that because of the absence of such a definition in Subchapter I, the definition from Subchapter II would be applied there. Id. at 279. The court also found significance in the phrase used in § 1132 regarding " 'obligations *under the terms* of a collective bargaining agreement,' rather than 'obligations *under a collective bargaining agreement.'* " Id. at 279 (emphasis supplied).

While a layman reading this opinion (however unlikely that may be) would view the matter as an exercise in judicial hair splitting, we must always be aware that the federal district courts are courts of *limited jurisdiction.* See *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." 437 U.S. at 374, 98 S.Ct. at 2403. The federal courts are without power to create

jurisdiction. See *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." 341 U.S. at 17, 71 S.Ct. at 542.

■ Thus, however desirable it might appear to the judiciary that a single judicial remedy should be provided for all contributions to trust funds allegedly owed by employers, whether the obligation to pay arises from the contract or from a statutory duty, only the Congress can make such a provision. The Congress has declared that the definition in Section 1392 is "for purposes of this part." Application of a definition found in one part of a statute to a different part of the statute, when the Congress has specifically limited the definition to the one part, is not sound statutory construction. *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C.Cir.1976), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). Nor can this court discern a difference in the meaning of an "obligation under the terms of an agreement" and an "obligation under an agreement." Neither phrase incorporates an "obligation imposed by labor-management relations law" and both are restricted to obligations arising from the agreement. As noted above, this court is unconvinced that an agreement which by its own terms has fully expired can "survive" or create any obligation in the absence of some such provision in the agreement—in which case it would not be fully expired.

■ Without repeating the detailed analysis contained in both judicial opinions, this court sides with the result in *Mo-Kan Teamsters Pension Fund v. Botsford Ready Mix Co.*, supra. If the Congress had intended to confer jurisdiction upon the district courts to enforce payment of all employee fringe benefit contributions whether obligated "under the terms of a collectively bargained agreement" or "under the provisions of any section of the National Labor Relations Act," it would

have said so. It did not. Accordingly, this court concludes that, for reasons best known to itself, the Congress, in its wisdom, has left the N.L.R.B. vested with exclusive jurisdiction over alleged employer unfair labor practices arising by reason of failure to make welfare benefit contributions following expiration of collective bargaining agreements. It follows that this court has no subject matter jurisdiction and the motion to dismiss is hereby GRANTED.

Judgment will be entered accordingly.